IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WAYNE DOUGLAS SMITH, | No. CIV S-07-0293 LKK DAD PS |
| Plaintiff, | |
| v. | ORDER AND |
| BRITISH PETROLEUM OF AMERICA, et al., | FINDINGS AND RECOMMENDATIONS |
| Defendants. / | |

This matter came before the court on May 25, 2007, for hearing on the motion to dismiss filed by defendants British Petroleum of America, BP West Coast Products LLC, Joel E. Buckentin, and John Lieuinger.[1] Plaintiff, proceeding pro se, appeared on his own behalf. Jerry L. Chong, Esq. appeared for the four moving defendants. Defendants' motion was taken under submission.

Upon consideration of plaintiff's complaint, the parties' arguments in open court, and all written materials submitted in connection with defendants' motion, the undersigned recommends that defendants' motion to dismiss be granted and the entire action be dismissed with prejudice.

---

[1] Defendant The Storage Group.Com aka The Mobile Storage Group had not appeared in this action at the time of the hearing.

1

PROCEDURAL HISTORY

On February 13, 2007, the pro se plaintiff filed a complaint seeking damages for injuries suffered in a slip-and-fall accident at work.  The complaint asserts jurisdiction under (1) several provisions of the United States Constitution, which plaintiff describes as "codified within purview of 28 U.S.C. § 1331, et seq."; (2) "the R.I.C.O. Statutes"; and (3) the Civil Rights Act, 42 U.S.C. § 1983.

The case was referred to the undersigned pursuant to Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).  The Clerk of the Court did not issue summons pending the court's ruling on plaintiff's application to proceed in forma pauperis.  Plaintiff did not await issuance of summons but solicited a waiver of service of summons from each of the five defendants.  Defendants British Petroleum of America, BP West Coast Products LLC, Joel E. Buckentin, and John Lieuinger waived service of summons and filed their motion to dismiss.

By order filed April 24, 2007, the undersigned granted plaintiff's application to proceed in forma pauperis subject to an evaluation of plaintiff's complaint in the context of defendants' motion to dismiss.

PLAINTIFF'S COMPLAINT

Plaintiff has sued British Petroleum of America, BP West Coast Products LLC, Joel E. Buckentin in his personal capacity, John Lieuinger in his personal capacity, and The Storage Group.Com aka The Mobile Storage Group.

Plaintiff, a California resident, alleges that he was injured in a slip and fall accident that occurred in February 2005 while he was employed as a customer service agent at a service station in Auburn, California.  Plaintiff alleges that defendant Buckentin, a CEO, offered plaintiff cash and gas cards as a bribe if he agreed not to file a workers' compensation claim.  Plaintiff did not accept the offer and filed a workers' compensation claim.  Plaintiff's workers' compensation proceedings are ongoing.  Plaintiff suffered three fractured ribs and a lower back injury that required major reconstructive surgery.  Plaintiff was laid off in 2006.  Plaintiff prays

for at least $310,752.00 in compensatory damages as well as $5,000,000.00 in punitive damages, $388,440.00 for loss of future income, and costs of suit.

## DEFENDANTS' MOTION TO DISMISS

Moving defendants seek dismissal of the action on the ground that this court lacks jurisdiction over plaintiff's claim. Defendants contend that it appears on the face of the complaint that plaintiff's claim does not arise under the Constitution or laws of the United States for purposes of 28 U.S.C. § 1331, that the subject matter of the complaint is not within the jurisdiction of this court for purposes of 28 U.S.C. § 1445(c), and that plaintiff's factual allegations involve workers' compensation benefits and do not support violations of civil rights or racketeering statutes.

In opposition to defendants' motion, the pro se plaintiff offers legal arguments that are not entirely clear. Plaintiff requests judicial notice of numerous exhibits attached to his opposition. Defendants object to plaintiff's exhibits on multiple grounds. Plaintiff has moved to strike defendants' objections.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) allows a party to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of a claim. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. General Tel. & Electronics, 594 F.2d 730, 733 (9th Cir. 1979). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, no presumption of truthfulness attaches to plaintiff's allegations. Id. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). The burden of proof on such a Rule 12(b)(1) motion is on the party asserting jurisdiction. Thornhill Publ'g Co., 594 F.2d at 733.

1  Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma
2  pauperis case at any time if the allegation of poverty is untrue or if the action is frivolous or
3  malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against
4  an immune defendant.  A claim is frivolous when it lacks an arguable basis either in law or in
5  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Balistreri v. Pacifica Police Dep't, 901
6  F.2d 696, 699 (9th Cir. 1990).  To state a claim on which relief may be granted, the plaintiff must
7  allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.
8  Twombly, ___ U.S. ___, ___, No. 05-1126, 2007 WL 1461066, at *14 (U.S. May 21, 2007).
9  In considering whether a complaint states a cognizable claim, the court accepts as
10 true the material allegations in the complaint and construes the allegations in the light most
11 favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hospital Bldg.
12 Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242,
13 1245 (9th Cir. 1989).  The court need not accept as true conclusory allegations, unreasonable
14 inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,
15 624 (9th Cir. 1981).  Pro se pleadings are held to a less stringent standard than those drafted by
16 lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

17                                                  DISCUSSION
18 I.  Diversity Jurisdiction
19 In his written opposition to defendants' motion, plaintiff cites 28 U.S.C. § 1332
20 and asserts that defendant British Petroleum is a "Citizen of Foreign States."
21 District courts have original jurisdiction of civil actions where the matter in
22 controversy exceeds $75,000 and where the suit is between (1) citizens of different States; (2)
23 citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States in a
24 suit in which citizens or subjects of a foreign state are additional parties; or (4) a foreign state as
25 plaintiff and citizens of a State or of different States.  28 U.S.C. § 1332(a).
26 /////

1    Complete diversity is required, and one instance of common citizenship between
2    plaintiffs and defendants will prevent federal diversity jurisdiction. Exxon Mobil Corp. v.
3    Allapattah Servs., Inc., 545 U.S. 546, 553 (2005) ("[W]e have consistently interpreted § 1332 as
4    requiring complete diversity: In a case with multiple plaintiffs and multiple defendants, the
5    presence of a single plaintiff from the same State as a single defendant deprives the district court
6    of original diversity jurisdiction over the entire action."); Abrego Abrego v. The Dow Chemical
7    Co., 443 F.3d 676, 679 (9th Cir. 2006) ("[T]he Supreme Court has repeatedly held, and recently
8    reiterated, that § 1332(a) requires complete diversity . . . ."). Diversity is determined by the state
9    of facts that existed when the case was filed. Grupo Dataflux v. Atlas Global Group, L.P., 541
10   U.S. 567, 570-71 (2004).

11   In this case, plaintiff and the two individual defendants are citizens of the State of
12   California. The common citizenship of plaintiff and at least one defendant prevents federal
13   diversity jurisdiction over this suit. Dismissal of plaintiff's claim as to all defendants who are
14   California citizens would not cure the defect because diversity jurisdiction was lacking at the
15   time of filing the suit.

16   The undersigned finds that this court does not have jurisdiction over this action
17   pursuant to 28 U.S.C. § 1332.

18   II. <u>Federal Question Jurisdiction over Civil Rights Claims</u>

19   Plaintiff's complaint alleges jurisdiction under 28 U.S.C. § 1331 for violations of
20   constitutional rights guaranteed by the Fifth, Eighth, and Fourteenth Amendments.

21   Under 28 U.S.C. § 1331, district courts have "original jurisdiction of all civil
22   actions arising under the Constitution, laws, or treaties of the United States." However, a litigant
23   who complains of a violation of a constitutional right does not have a cause of action directly
24   under the United States Constitution. Livadas v. Bradshaw, 512 U.S. 107, 132 (1994) (affirming
25   that it is 42 U.S.C. § 1983 that provides a federal cause of action for the deprivation of rights
26   secured by the United States Constitution); Chapman v. Houston Welfare Rights Org., 441 U.S.

600, 617 (1979) (explaining that 42 U.S.C. § 1983 was enacted to create a private cause of action for violations of the United States Constitution); Azul-Pacifico, Inc. v. City of Los Angeles, 973 F.2d 704, 705 (9th Cir. 1992) ("Plaintiff has no cause of action directly under the United States Constitution.").

Under § 1983,

> [e]very person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires the plaintiff to allege facts demonstrating that he was deprived of a right secured by the Constitution or laws of the United States and that the deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). It is the plaintiff's burden to establish that the defendants were acting under color of state law when they deprived him of a federal right. Lee v. Katz, 276 F.3d 550, 553-54 (9th Cir. 2002).

A private person does not act under color of state law for purposes of § 1983 unless the person or entity "willfully participates in joint action with state officials to deprive others of constitutional rights." Taylor v. List, 880 F.2d 1040, 1048 (9th Cir. 1989). See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (holding that due process claims under the Fourteenth Amendment require state action and do not extend to merely private conduct, no matter how wrongful); Rank v. Nimmo, 677 F.2d 692, 701 (9th Cir. 1982) ("The Due Process Clause of the Fifth Amendment applies to actions of the federal government and not to individual activities of private actors.").

Here, plaintiff has sued three business entities and two individuals. Plaintiff's allegations demonstrate that no state official was involved in the alleged deprivation of rights. The undersigned finds that this court does not have federal question jurisdiction over the alleged violations of constitutional rights and that plaintiff cannot cure this defect by amendment.

III. <u>RICO Claims</u>

The Racketeer Influenced and Corrupt Organizations Act ("RICO") makes it criminal to conduct an enterprise's affairs through a pattern of racketeering activity, which is defined as behavior that violates specific federal statutes or state laws that address specified topics and bear specified penalties. <u>Rotella v. Wood</u>, 528 U.S. 549, 552 (2000). Racketeering activity includes "any act or threat involving . . . bribery" that is chargeable under State law and punishable by imprisonment for more than one year, and acts indictable under 18 U.S.C. § 201, which relates to bribery of public officials. 18 U.S.C. § 1961(1)(A) & (B). The Act includes a private right of action "by which '[a]ny person injured in his business or property' by a RICO violation" may seek damages and the cost of the suit. <u>Rotella</u>, 528 U.S. at 552 (quoting 18 U.S.C. § 1964(c)). It is the injury to a person's business or property that gives the person standing to sue. <u>See</u> 18 U.S.C. § 1964(c).

In order to state a claim under RICO, the plaintiff must allege facts that establish a pattern of racketeering activity based on a minimum of two predicate acts, a criminal enterprise in which the defendants participated, and a causal relationship between the predicate acts and the harm suffered by the plaintiff. <u>See</u> 18 U.S.C. §§ 1961-68, 2314 & 2315; <u>Sedima, S.P.R.L. v. Imrex Co.</u>, 473 U.S. 479, 496-97 (1985). Predicate acts extending over a few weeks or months and threatening no future criminal activity do not demonstrate a pattern of racketeering activity. <u>River City Markets, Inc. v. Fleming Foods West, Inc.</u>, 960 F.2d 1458, 1464 (9th Cir. 1992) (citing <u>H.J., Inc. v. Northwestern Bell Tel. Co.</u>, 492 U.S. 229, 242 (1989)).

The compensable harm that must be alleged is "the harm caused by predicate acts sufficiently related to constitute a pattern." <u>Sedima</u>, 473 U.S. at 497. The plaintiff must allege injury to his property or injury to a business or property interest of legal value to plaintiff under state law. <u>Diaz v. Gates</u>, 420 F.3d 897, 899 (9th Cir. 2005). While personal injuries, such as loss of earnings, mental anguish, and pain and suffering, may have pecuniary consequences, they are not compensable under RICO. <u>Id.</u> at 900.

In the present case, the facts alleged by plaintiff establish a single predicate act of attempted bribery by one defendant. At the hearing on defendants' motion, plaintiff contended that defendant Buckentin, who is alleged to have offered plaintiff cash and a gas card as a bribe to prevent plaintiff from proceeding with a workers' compensation claim, is a CEO and therefore counts as two persons engaged in racketeering. Plaintiff has not alleged facts, or argued that he can allege facts, demonstrating that multiple defendants participated in a criminal enterprise, that two or more predicate acts occurred, that the alleged criminal enterprise had an impact on interstate commerce, that the criminal enterprise injured a business or property interest belonging to plaintiff, and that plaintiff suffered harm compensable under RICO. The harm alleged in plaintiff's complaint is limited to the injuries he suffered as a result of the slip-and-fall accident.

The undersigned finds that plaintiff's RICO claim fails to state a claim upon which relief may be granted. The claim suffers from multiple defects that cannot be cured by amendment.

IV. Conclusion

"Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). Prejudice to the opposing party is the most important factor. See Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing Zenith Radio Corp. v. Hazeltine Research, 401 U.S. 321, 330-331 (1971) and 6 C. Wright, A. Miller and M. Kane, Federal Practice and Procedure: Civil 2d § 1487 (1990)). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that, while leave to amend shall be freely given, the court does not have to allow futile amendments).

In the instant case, it would be futile to grant plaintiff leave to amend because the defects of his pleading cannot be cured by amendment. The undersigned will therefore recommend that defendants' motions to dismiss be granted and that this action be dismissed with prejudice. See Hagans v. Levine, 415 U.S. 528, 543 (approving dismissal of claims for lack of

jurisdiction where the claims do not involve a federal controversy within the jurisdiction of the District Court); Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984) (holding that even a paid complaint may be dismissed by the court sua sponte before service of process if the complaint is obviously frivolous and therefore fails to confer federal subject matter jurisdiction).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for judicial notice of exhibits is denied;

2. Plaintiff's May 7, 2007 motion to strike defendants' objections to exhibits is denied;

IT IS RECOMMENDED that:

1. Defendants' April 13, 2007 motion to dismiss be granted; and

2. This action be dismissed for lack of jurisdiction as to plaintiff's constitutional claims and for failure to state a RICO claim upon which relief may be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **ten** (10) days after being served with these findings and recommendations, any party may file written objections with the court and shall serve a copy on all other parties.  A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed and served within **ten** (10) days after the objections are served.  No reply to a reply is authorized.  The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 29, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.prose\smith0293.mtd.f&r