1
2
3
4
5
6
7
8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WAYNE DOUGLAS SMITH,
                                        No. CIV S-07-0293 LKK DAD PS
11           Plaintiff,

12      v.                              ORDER AND FURTHER

13   BRITISH PETROLEUM OF               FINDINGS AND RECOMMENDATIONS
     AMERICA, et al.,
14
             Defendants.
15   _____/

16           Defendant Mobile Storage Group, Inc. ("MSG"), sued as The Storage Group.Com

17   aka The Mobile Storage Group, has moved to dismiss plaintiff's complaint for lack of subject

18   matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be

19   granted.  Plaintiff has filed opposition to the motion.

20           This case came before the court on May 25, 2007, for hearing of a motion to

21   dismiss filed by defendants British Petroleum of America, BP West Coast Products LLC, Joel E.

22   Buckentin, and John Lieuinger.  In findings and recommendations filed on May 29, 2007, the

23   undersigned has recommended that the motion be granted and this action be dismissed for lack of

24   jurisdiction as to plaintiff's constitutional claims and for failure to state a RICO claim upon

25   which relief may be granted.  Having reviewed defendant MSG's pending motion and plaintiff's

26   opposition, the undersigned finds additional oral argument unnecessary.  The motion set for

                                         1

1   hearing on June 29, 2007 will be submitted upon the record and briefs on file, and the hearing

2   will be vacated.  See Local Rule 78-230(h).  For the reasons set forth below, the undersigned will

3   recommend that defendant MSG's motion to dismiss be granted.

4                                        PROCEDURAL HISTORY

5                On February 13, 2007, plaintiff, proceeding pro se, filed a complaint seeking

6   damages for injuries he suffered in a slip-and-fall accident at work.  The complaint asserts

7   jurisdiction under (1) several provisions of the United States Constitution, which plaintiff

8   describes as "codified within purview of 28 U.S.C. § 1331, et seq."; (2) "the R.I.C.O. Statutes";

9   and (3) the Civil Rights Act, 42 U.S.C. § 1983.  The case was referred to the undersigned

10  pursuant to Local Rule 72-302(c)(21) and 28 U.S.C. § 636(b)(1).

11               Plaintiff requested waivers of service of summons from all defendants.

12  Defendants British Petroleum of America, BP West Coast Products LLC, Joel E. Buckentin, and

13  John Lieuinger waived service of summons and filed their motion to dismiss on April 13, 2007,

14  within 60 days after the date specified on their waivers.  Defendant MSG waived service of

15  summons and filed a motion to dismiss on May 29, 2007, within 60 days after the date specified

16  on its waiver.

17                                       PLAINTIFF'S COMPLAINT

18               Plaintiff alleges that he was injured in a slip and fall accident that occurred in

19  February 2005 while he was employed as a customer service agent at a service station in Auburn,

20  California.  Plaintiff suffered three fractured ribs and a lower back injury that required major

21  reconstructive surgery.  Plaintiff alleges that defendant Buckentin, a CEO, offered plaintiff cash

22  and gas cards if he would agree not to file a workers' compensation claim.  Plaintiff did not

23  accept the offer and filed a workers' compensation claim.  His workers' compensation

24  proceedings are ongoing.  Plaintiff was laid off in 2006.  Plaintiff prays for at least $310,752.00

25  in compensatory damages as well as $5,000,000.00 in punitive damages, $388,440.00 for loss of

26  future income, and costs of suit.

1    DEFENDANT MSG'S MOTION TO DISMISS

2    Defendant MSG seeks dismissal of the complaint without leave to amend on the

3    ground that subject matter jurisdiction is lacking or the pleading fails to state a claim upon which

4    relief can be granted.

5    Defendant contends that plaintiff fails to allege, and cannot amend his complaint

6    to allege, proper subject matter jurisdiction.  First, with regard to plaintiff's § 1983 claim,

7    defendant points out that plaintiff cannot allege that defendant MSG's actions constitute a

8    deprivation of civil rights under color of state law, as MSG is a private corporation and not a

9    public entity.  Second, with regard to plaintiff's RICO claim, defendant argues that plaintiff has

10   alleged, at best, a claim for bodily injury, but personal injury damages are specifically excluded

11   under the RICO statutes and damages are available only for injury to business and property.

12   Defendant argues that plaintiff's complaint fails to state a cause of action upon

13   which relief can be granted because plaintiff has not and cannot set forth sufficient facts to

14   support a claim under § 1983 or the RICO statutes.  In particular, defendant notes that the

15   complaint alleges no facts indicating that MSG acted in any improper manner that would

16   constitute or cause a violation of 18 U.S.C. § 1961.

17   Defendant also argues that plaintiff's complaint fails to state a claim because the

18   complaint is completely barred by the statute of limitations.  This argument is premised on the

19   following facts:  (1) plaintiff's injury occurred on February 14, 2005; (2) all claims alleged by

20   plaintiff, including his civil rights claims, his RICO claims, and any state tort claims, are subject

21   to California's two-year statute of limitations for personal injury; and (3) plaintiff's complaint

22   was filed on March 27, 2007, more than two years after February 14, 2005.

23   In opposition to defendant MSG's motion, plaintiff states that he has not alleged

24   any RICO violations against defendant MSG and admits that he has no basis for alleging any

25   such violation at this time.  (Pl.'s Opp'n to Def't MSG's Mot. to Dismiss at 5.)  Plaintiff's

26   opposition is silent with regard to his § 1983 claim and contains no response to defendant MSG's

3

1  statute-of-limitations argument.  Plaintiff's primary argument is that he should be granted leave

2  to file an amended complaint alleging new claims.

3          In support of his contention that amendment should be permitted, plaintiff offers

4  two arguments.  The first argument is titled "Expansion of Premises Liability."  Although

5  plaintiff initially appears to recognize that premises liability is a concept related to the tort of

6  negligence, he cites 42 U.S.C. §§ 12181-12189, Title III of the Americans With Disabilities Act

7  (ADA), 42 U.S.C. § 2000e-5(b), 29 U.S.C. § 626, and 42 U.S.C. § 12117(a).  Plaintiff asserts

8  that he has suffered unspecified harm under "the E.E.O.C. Statutes" and states that he has

9  contacted the United States Equal Employment Opportunity Commission.  Plaintiff contends that

10  he should be allowed to amend his complaint to show that this court has jurisdiction over a

11  premises liability claim based on the federal statutes he has cited.  (Id. at 3-5.)

12          Plaintiff's second argument in favor of amendment is titled "Implied Claims

13  Under the Constitution."  Plaintiff cites Bivens v. Six Unknown Agents of the Federal Bureau of

14  Narcotics, 403 U.S. 388 (1971), asserts that there is a substantial question of federal law in his

15  case, and argues that federal question jurisdiction is "inherent" in his claim because "The

16  Unknown Authority Under Color of Law Failed to enforce the Statutes on the Date of Injury."

17  Plaintiff contends that he should be allowed to amend his complaint to allege a Bivens claim or

18  the court should hold this case in abeyance until "The (E.E.O.C./ADA) Gives it's [sic] Findings

19  and recommendations."  (Id. at 4-5.)

20                                          LEGAL STANDARDS

21          Federal Rule of Civil Procedure 12(b)(1) allows a party to raise the defense, by

22  motion, that the court lacks jurisdiction over the subject matter of a claim.  "A motion to dismiss

23  for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be

24  made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact."

25  Thornhill Publ'g Co. v. General Tel. & Electronics, 594 F.2d 730, 733 (9th Cir. 1979).  When a

26  Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, no presumption

4

of truthfulness attaches to plaintiff's allegations.  Id.  "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction."  McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).  The burden of proof on such a Rule 12(b)(1) motion is on the party asserting jurisdiction.  Thornhill Publ'g Co., 594 F.2d at 733.

Under 28 U.S.C. § 1915(e)(2), the court is required to dismiss an in forma pauperis case at any time if the allegation of poverty is untrue or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.  A claim is frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989);  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  To state a claim on which relief may be granted, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___, 127 S. Ct. 1955, 1974 (2007).

In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes the allegations in the light most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  The court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520 (1972).

DISCUSSION

Plaintiff concedes that he has not alleged a RICO claim against defendant MSG, and he admits that he has no factual basis for alleging such a claim against this defendant.

Withe regard to plaintiff's constitutional claims, the undersigned has explained in the findings and recommendations filed in this case on May 29, 2007, that federal question

1   jurisdiction pursuant to 28 U.S.C. § 1331 is lacking here because causes of action do not arise

2   directly under the United States Constitution and plaintiff cannot bring his constitutional claims

3   pursuant to § 1983 in the absence of defendants who acted under color of state law.  Plaintiff

4   now argues that his constitutional claims can be brought pursuant to Bivens v. Six Unknown

5   Named Agents of Federal Bureau of Narcotics.  Plaintiff is mistaken.  Bivens provides redress

6   for damages sustained when federal officials violate provisions of the United States Constitution.

7   Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 390 & 397

8   (1971).  Bivens actions are "the judicially crafted counterpart to section 1983, enabl[ing] victims

9   of federal misconduct to sue the individual federal wrongdoers responsible for the transgression

10   of their rights."  Gibson v. United States, 781 F.2d 1334, 1341 (9th Cir. 1986).  See also Van

11   Strum v. Lawn, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under

12   Bivens are identical save for the replacement of a state actor under § 1983 by a federal actor

13   under Bivens.").  The defendants in this case are not federal officials, and plaintiff cannot

14   predicate jurisdiction on Bivens.

15          In the absence of any present basis for federal jurisdiction as to defendant MSG,

16   the undersigned finds that defendant MSG's motion to dismiss plaintiff's complaint should be

17   granted.  In the May 29, 2007 findings and recommendations, the undersigned determined that it

18   would be futile to grant plaintiff leave to amend because the defects of his § 1983 and RICO

19   claims cannot be cured by amendment.  In his objections to those findings and recommendations,

20   and in his opposition to defendant MSG's motion to dismiss, plaintiff now urges the court to

21   grant him leave to amend his complaint to allege his constitutional claims under Bivens and to

22   allege wholly new claims under the Americans With Disabilities Act, the Rehabilitation Act, and

23   the Age Discrimination in Employment Act.

24          For the reasons set forth above, plaintiff's proposed Bivens claims are frivolous.

25   Plaintiff's proposed new statutory claims appear to be frivolous as to defendant MSG because

26   MSG was neither plaintiff's employer nor an entity operating public accommodations or services

1   at the time of plaintiff's injury.  The premises liability claim suggested by plaintiff is a state tort

2   claim that would not give this court jurisdiction over plaintiff's complaint.  As to defendant

3   MSG, the undersigned will therefore recommend that plaintiff's claims be dismissed without

4   leave to amend because plaintiff has failed to demonstrate that he can allege facts that would

5   state any claim against defendant MSG.

6           As to the remaining defendants, plaintiff's complaint alleges no facts that would

7   support the proposed new statutory claims against defendants British Petroleum of America, BP

8   West Coast Products LLC, Joel E. Buckentin, and John Lieuinger.  The undersigned finds that

9   plaintiff has failed to demonstrate, in his objections to the May 29, 2007 findings and

10  recommendations or in his opposition to defendant MSG's motion to dismiss, that he can allege

11  facts that would support the proposed new claims against defendants British Petroleum of

12  America, BP West Coast Products LLC, Joel E. Buckentin, and John Lieuinger.  Moreover,

13  plaintiff is presently pursuing administrative remedies with regard to such claims.  In the absence

14  of jurisdiction over plaintiff's current claims, the undersigned finds no basis for staying this

15  action.  As previously recommended, this action should be dismissed for lack of jurisdiction as to

16  plaintiff's constitutional claims and for failure to state a RICO claim upon which relief may be

17  granted.

18          Accordingly, IT IS HEREBY ORDERED that defendant Mobile Storage Group,

19  Inc.'s May 29, 2007 motion to dismiss is taken under submission upon the record and briefs on

20  file, and the motion is dropped from the court's June 29, 2007 calendar;

21          IT IS RECOMMENDED that:

22          1.  The motion to dismiss filed by defendant Mobile Storage Group, Inc. on May

23  29, 2007 be granted; and

24          2.  Plaintiff's claims against defendant Mobile Storage Group, Inc. be dismissed

25  for lack of jurisdiction as to plaintiff's constitutional claims and for failure to state a RICO claim

26  upon which relief may be granted.

1    These findings and recommendations are submitted to the United States District

2    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **ten** (10)

3    days after being served with these findings and recommendations, any party may file written

4    objections with the court and shall serve a copy on all other parties.  A document containing

5    objections should be titled "Objections to Magistrate Judge's Findings and Recommendations."

6    Any reply to objections shall be filed and served within **ten** (10) days after the objections are

7    served.  No reply to a reply is authorized.  The parties are advised that failure to file objections

8    within the specified time may, under certain circumstances, waive the right to appeal the District

9    Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

10   DATED: June 21, 2007.

11

12                                                   _____

13                                                   DALE A. DROZD
                                                     UNITED STATES MAGISTRATE JUDGE
14   DAD:kw
      Ddad1\orders.prose\smith0293.mtd2.f&r
15

16

17

18

19

20

21

22

23

24

25

26