UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WAYNE DOUGLAS SMITH,

        Plaintiff,

    v.

BRITISH PETROLEUM OF AMERICA, et al.,

        Defendants.

_____/

NO. CIV. S-07-293 LKK/DAD PS

<u>O R D E R</u>

    Plaintiff Douglas Smith has filed a motion for relief from final judgment under Federal Rule of Civil Procedure 60(b)(1). Plaintiff, who is proceeding pro se, alleges that he was injured in a slip and fall accident in February 2005 while he was employed as a customer service agent at a service station in Auburn, California.  The service station was apparently operated by defendant BP West Coast Products, whose parent company is defendant British Petroleum of America.  Plaintiff also named as defendants two of the service station employees, Joel Buckentin and John Lieuinger, as well as Mobile Storage Group Inc., who owned the storage container that allegedly swung open and hit

plaintiff.  Plaintiff alleges that as a result of the accident, he suffered three fractured ribs and a lower back injury that required major reconstructive surgery.  On July 31, 2007, the court dismissed the action for lack of jurisdiction as to plaintiff's constitutional claims and for failure to state a RICO claim upon which relief may be granted.

Pending before the court is plaintiff's motion for relief from that judgment.[1]  Rule 60(b)(1) permits relief from final judgment for "mistake, inadvertence, surprise, or excusable neglect."  Attached to plaintiff's motion is a copy of his objections to the magistrate judge's order and further findings and recommendations issued on June 21, 2007.  The objections were filed on June 29, 2007.  Inexplicably, however, the clerk's office failed to docket the objections, even though the date stamp shows that plaintiff properly and timely submitted them.[2]  Accordingly, the court's July 31, 2007 order, which stated that "[n]either plaintiff nor defendants filed objections to the further findings and recommendations," was erroneous.

The court has now reviewed plaintiff's objections and concludes that they do not change the court's conclusion.  Plaintiff has failed to state a claim under federal law, and

---

[1] Plaintiff has also filed a notice of appeal, which is ineffective until the court first disposes of the pending motion.

[2] Subsequently, the court informed the Clerk's office of their mistake.  The docket now reflects that plaintiff's objections were timely filed, but that due to clerical error, they were not entered on the docket until recently.

2

complete diversity between the plaintiff and defendants is lacking. Plaintiff's § 1983 and <u>Bivens</u> claims are barred by the simple fact that none of the defendants were government officials or were acting under color of law. Plaintiff's RICO claim is barred because he alleges only a single predicate act of bribery by one defendant.

In his objections, plaintiff also noted that he was in contact with the EEOC, presumably regarding a potential claim under the ADA against his former employer. Nevertheless, it was clear that, at the time of his objections on June 29, 2007, he had not yet exhausted his administrative remedies or received any right to sue letter, which is required to bring suit. Plaintiff filed a separate document on October 9, 2007, which attached a right to sue letter issued by the EEOC on August 23, 2007.

Ordinarily, a right to sue letter that is issued after a plaintiff files suit is sufficient to remedy the original deficiency. See <u>Gooding v. Warner-Lambert Co.</u>, 744 F.2d 354, 655 (3d Cir. 1984) ("failure to allege the issuance of the right-to-sue letter, which was not issued until after the complaint was filed, did not render the complaint deficient"); <u>Pinkard v. Pullman-Standard</u>, 678 F.2d 1211, 1218 (5th Cir. 1982) ("the subsequent receipt of the right-to-sue letter cures the defect with respect to the original filing of this action"); <u>Salfingere v. Latex</u>, 971 F. Supp. 1308, 1309-10 (D. Ariz. 1997) (collecting similar cases).

1    Had plaintiff received his right to sue letter prior to
2 judgment, the court would have likely granted plaintiff leave to
3 amend.  Here, however, the right to sue letter was not issued
4 until after judgment was already entered.  Accordingly, relief
5 from judgment may only be granted pursuant to the grounds set
6 forth in Rule 60(b).  The letter does not satisfy any of those
7 grounds.

**Conclusion**

9    Accordingly, the court orders as follows:
10    1.  The motion for relief from final judgment (Doc. No. 26)
11 filed on August 6, 2007 is DENIED.
12    2.  The court finds that plaintiff's appeal has not been
13 taken in good faith for the reasons explained in this order.
14    IT IS SO ORDERED.
15    DATED:  October 19, 2007.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

4